original surveys, but from certain deeds and maps in his possession; and, as the court remarked upon the trial, it is impossible to see how the locus in quo can be located from these diagrams so that a judgment can be founded upon them. Still another difficulty with the plaintiff's case is that sufficient proof of possession by the plaintiff, or his alleged predecessors, was not offered upon the trial. The Code of Civil Procedure, § 365, provides that ejectment cannot be maintained unless the plaintiff or his predecessors in title was seised or possessed of the premises in question within 20 years of the commencement of the action. The courts have sanctioned this rule in Sheridan v. Cardwell, 145 App. Div. 609, 130 N. Y. Supp. 638; People v. Inman, 197 N. Y. 200, 90 N. E. 438; Wing v. De La Rienda, 131 N. Y. 422, 30 N. E. 243.

[3] Plaintiff, of course, cannot succeed upon the weakness of the defendant's title, but must prevail, if at all, upon the strength of his own.

The court finds that sufficient evidence has been produced by the defendant showing possession in itself and its immediate grantors, and that its record title through the deed from Van Wyck to Polhemus and from Polhemus to Van Siclen is superior to that of the plaintiff.

Complaint dismissed, and judgment for defendant upon the merits.

---

### SCHAEFER v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department. October 2, 1914.)

DAMAGES (§ 185*)—PERSONAL INJURIES—WEIGHT AND SUFFICIENCY OF EVIDENCE.

    In an action for personal injuries, the jury's finding that plaintiff's paralysis was caused by the injury was against the weight of the evidence, where it was contrary to the testimony of witnesses of special knowledge and experience, and supported only by the opinions of physicians who, though of good repute in general practice, had a limited technical knowledge of the subject under consideration.

    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 503–508; Dec. Dig. § 185.*]

    Rich, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Ella M. Schaefer against the Union Railway Company of New York City. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

Frederick J. Moses, of New York City, for appellant.
Sydney A. Syme, of Mt. Vernon, for respondent.

PER CURIAM. The plaintiff was hurt so as to suffer seriously with marked enfeeblement. But the verdict indicates that compensation was extended to the conceded paralysis. Such finding controverts the views of several men of special knowledge and experience, and de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pends on the opinions of physicians of good repute in general practice, but limited in technical knowledge of the subject under consideration. Hence the verdict is against the weight of the evidence. To the lay mind it may appear that the blow had some causative relation to the apoplexy, with consequent paralysis, either eventuating in it after distressing illness, or contributing to it by overtaxing and thereby enfeebling parts, perchance predisposed by disease. But such conclusion can be reached legally only by the opinion of persons who are by study and experience prepared to trace the effect of the blow from its delivery to the consummation of injury. In that regard the defendant has the preponderance of evidence.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

RICH, J., dissents.